IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVON CAMPBELL | * | |
| Plaintiff, | * | |
| v. | * | |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | * | Civil Action No. CCB-21-2000 |
| Defendant. | * | |

\*\*\*\*\*\*

## MEMORANDUM

Pending before the court is a motion for reconsideration filed by Plaintiff Devon Campbell in this case regarding the defendant Comcast Cable Communications Management, LLC's motion to compel arbitration and dismiss for improper venue (ECF 11, Mot. for Reconsideration). Mr. Campbell moves this court to reconsider its September 13, 2022, judgment in favor of Comcast (ECF 10, Order) and subsequently vacate the dismissal, re-open the case, and stay rather than dismiss the proceedings pending the conclusion of arbitration. (ECF 11). For the reasons explained below, the motion will be denied.

## BACKGROUND

The facts of this case are more fully set out in the court's September 13, 2022, Memorandum, (*see* ECF 9, Memo), and the court will recite the minimum facts necessary to resolve the pending motion. This case arises from an employment dispute between plaintiff Devon Campbell ("Mr. Campbell") and Comcast Cable Communications Management, LLC ("Comcast"). From December 2007 to April 6, 2017, Mr. Campbell was employed by Comcast as

a Residential Salesperson before he was terminated by the company for processing a sale without initially having the customer's signature. (ECF 1, Compl.). Mr. Campbell maintains that he obtained consent by phone from the customer and that making sales over the phone was a standard practice at Comcast during his employment for which other employees were never punished or reprimanded. (*Id.*). Mr. Campbell also asserts that throughout his employment he was continuously harassed and discriminated against by his direct supervisors, team manager Mr. Ryan Souder and supervisor, Mr. Bryan Fitzsimmons. (*Id.*). Specifically, Mr. Campbell maintains, among other things, that his supervisors denied him rewards earned for his sales performance, regularly and incorrectly reported his bi-weekly sales statistics in open team meetings, excluded him from marketing events, treated him differently from other employees, were slow to respond to or completely ignored his requests for customer assistance, incorrectly inputted his vacation time and requested days off resulting in delays of pay, and obstructed and harmed his work performance. (*Id.*).

Four years after his termination, Mr. Campbell filed a complaint in this court alleging unlawful employment practices, including wrongful termination, on the basis of national origin and age, against Comcast. (*Id.*). Three months later Comcast filed a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C.A §§ 1-16, and to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), alleging that Mr. Campbell "agreed to participate in—and be bound by—the Company's dispute-resolution program, called 'Comcast Solutions,' which includes a mandatory arbitration agreement," covering the statutory discrimination claims Mr. Campbell raised. (ECF 6, Motion to Compel Arbitration).

On September 13, 2022, the court granted Comcast's motion to compel arbitration and dismissed the case without prejudice. (ECF 9, ECF 10). On September 27, 2022, Mr. Campbell

filed a motion for reconsideration of this decision. (ECF 11). On October 4, 2022, Comcast responded. (ECF 12, Response).

## LEGAL STANDARD

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). The party must also satisfy one of six enumerated grounds for relief under Rule 60(b). *Id*. Mr. Campbell has filed his motion pursuant to rule 60(b)(6) of the Federal Rules of Civil procedure. Fed. R. Civ. P. 60(b)(6). Under this rule, a court *may* provide relief for "any other reason that justifies relief." *Id*. However, the Fourth Circuit has noted that "the remedy though 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.'" *Welsh*, 879 F.3d at 536 (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). "In determining whether to grant relief from judgment under 60(b), a district court must delicately balance 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]ll the facts.'" *Id*.[1]

## DISCUSSION

In the motion for reconsideration, Mr. Campbell argues that Maryland's Uniform Arbitration Act permits the Court to stay the proceedings while ordering the parties to arbitrate.

---

[1] Mr. Campbell does not rely on Rule 59(e) for a motion to alter or amend judgment, but he would not succeed under that standard. *See, e.g.*, *Rouhi v. Comcast Ctr.*, No. CV GLR-19-703, 2020 WL 4734309 (D. Md. Aug. 14, 2020), *aff'd sub nom. Rouhi v. Comcast Cable Commc'ns, LLC*, 831 F. App'x 636 (4th Cir. 2020), *cert. denied*, 211 L. Ed. 2d 58, 142 S. Ct. 154 (2021) (finding the plaintiff had "failed to identify any changes in controlling law, newly discovered evidence, or any clear error by the Court or other injustice that would warrant reconsideration of the Court's Order" under Rule 59(e)).

(ECF 11). Accordingly, Mr. Campbell requests that this court modify its order and stay the proceedings pending the conclusion of arbitration in the alternative to dismissal.

While the FAA requires district courts to stay judicial proceedings covered by an arbitration agreement, 9 U.S.C. § 3, the Fourth Circuit permits dismissal without prejudice when all the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). Accordingly, Judges in this district have dismissed, rather than stayed, actions in which there was a valid arbitration agreement covering all claims at issue between the parties. *See Howle v. United Health Grp., Inc.*, No. 8:20-CV-00691-LKG, 2021 WL 4148891, at *3 (D. Md. Sept. 13, 2021) (citing *Nat'l Motors, Inc. v. Universal Warranty Corp.*, No. 19-00052, 2020 WL 58303, at *10 (D. Md. Jan. 3, 2020) (suit dismissed because all of plaintiffs' claims fell within the scope of an agreement's arbitration clause); *Taylor v. Santander Consumer USA, Inc.*, No. 15-0442, 2015 WL 5178018, at *7 (D. Md. Sept. 3, 2015) (suit dismissed because all claims were arbitrable and no purpose served by staying proceedings); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 856 (D. Md. 2013) ("Because the entire claim of each relevant class member must be resolved by arbitration, this Court finds that dismissal, rather than a stay of trial, is appropriate.")). *See also Willcock v. My Goodness! Games, Inc.*, No. CV PWG-16-4020, 2018 WL 3970474, at *5 (D. Md. Aug. 20, 2018) ("here, all claims are subject to arbitration. For that reason, compelling arbitration and dismissing the case is appropriate."); *Garrett v. Monterey Fin. Servs., LLC*, No. CV JKB-18-325, 2018 WL 3579856, at *4 (D. Md. July 25, 2018) (compelling arbitration of all matters raised in the complaint and dismissing all causes of actions after finding dismissal, rather than staying judicial proceedings, is appropriate under the circumstances); *Bracey v. Lancaster Foods, LLC*, No. CV RDB-17-1826, 2018 WL 1570239, at *7 (D. Md. Mar. 30, 2018), *aff'd*, 838 F. App'x

745 (4th Cir. 2020) ("Having determined that Bracey is bound by the Arbitration Agreement, the appropriate remedy is dismissal of his claims.").

In response to Comcast's motion to compel arbitration and dismiss for improper venue, this court concluded that Comcast had shown that Mr. Campbell had accepted, and was bound by, the terms of the legally binding arbitration agreement as set forth in the Company's dispute-resolution program, "Comcast Solutions." (ECF 9). Moreover, the age and national origin discrimination claims that Mr. Campbell alleges are subject to that agreement. (*See* ECF 6-3, Comcast Solutions Program Guide) ("Examples of Covered Claims include, without limitation, the following: Unlawful discrimination or harassment on the basis of race, gender, age, disability, religion, pregnancy, national origin or any other category or characteristic protected by federal, state or local law"). Furthermore, in his response to Comcast's motion to dismiss, Mr. Campbell never requested a stay rather than dismissal. Like *Titanium Dioxide,* no useful purpose will be served by staying the proceedings pending arbitration where all issues raised by Mr. Campbell must be submitted to arbitration. *Titanium Dioxide,* 962 F.Supp.2d. Accordingly, Mr. Campbell has failed to show an exceptional circumstance moving this court to provide relief, and therefore the motion for reconsideration will be denied.

## CONCLUSION

For the foregoing reasons, the court will deny Mr. Campbell's motion for reconsideration. A separate order follows.

| | |
|---|---|
| 11/18/2022 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |